In the Matter of the Claim of JOHN SPONHEIMER, Respondent, against ROBERT E. KELLY and LONDON GUARANTEE & ACCIDENT Co., LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeals from an award of disability compensation made by the State Industrial Board under the Workmen's Compensation Law and noticed on August 3, 1939. The sole point raised by the appellant insurance carrier is that of coverage. The employer was the owner of premises at Nos. 214-222 East Forty-first street, New York city. He also owned a private residence at 55 East One Hundred and Ninety-third street, a farm at Norwalk, Conn., and a property on Thirty-seventh street, New York city. He leased the properties on East Forty-first and Thirty-seventh streets and occupied the residence and farm. Claimant was employed by him as a janitor for the leased properties and to do whatever was necessary about the other premises. On April 29, 1938, the employer directed the claimant to go to his residence on

East One Hundred and Ninety-third street to assist in taking in some coal. He was there directed by the employer to cut a limb from a tree in front of the premises and while so engaged fell from a stepladder and was injured. The declarations of the workmen's compensation insurance policy gave the location of all the buildings or other workplaces of the employer as " 218 East 41st Street, New York, N. Y.," the classification of operations as " Building (N.O.C.) — operation by owner or lessee — including care, custody and maintenance of premises, the operation of elevators or heating, lighting or power apparatus," and also contained this statement: " Item 5. This Employer is conducting no other business operations at this or any other location not herein disclosed — except as herein stated: Other locations, above operations only covered hereunder." The policy included a provision to the effect that the carrier agreed to indemnify the employer " against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada." At the time of the issuance of the policy the carrier wrote the employer as follows: " Replying to your inquiry as to the scope of territorial coverage on the above captioned policy, we would direct your attention to paragraph 1, Division B of this policy which states that coverage applies anywhere within the territorial limits of the United States of America or the Dominion of Canada." The referee was of the opinion that as the language used in item 5 of the declarations was ambiguous and should be construed most favorably to the assured, the operations specified in the policy were covered at other locations as well as 214 East Forty-first street and the work which the claimant was engaged in at the time of the accident and the location at which the accident took place came within the coverage under the policy. He made an award against both the employer and carrier. This was affirmed by the State Industrial Board with one member dissenting. Award unanimously affirmed, with costs to both the [State] Industrial Board and the employer against the carrier. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.